**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CAMERON TURNER,**

      **Plaintiff,**

**v.**                           **Case No. 5:24-cv-421**

**OCALA BREEDERS' SALES**
**COMPANY, INC. a/k/a OCALA**
**BREEDERS FEED & SUPPLY,**
**RONALD CHAMBERS, an**
**individual, and TY SPRINGER, an**
**individual,**

      **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cameron Turner ("Turner" or "Plaintiff"), by and through undersigned counsel, brings this Complaint and Demand for Jury Trial against Defendants Ocala Breeders' Sales Company, Inc. a/k/a Ocala Breeders Feed & Supply ("the Corporation"), Ronald Chambers ("Chambers"), and Ty Springer ("Springer")(collectively, the "Defendants"), and states as follows:

### JURISDICTION

1.     Plaintiff Turner is an individual 18 years of age or older and is thus *sui juris*.

2.     Turner currently resides in Citrus County, Florida, and did at all times relevant to the allegations herein reside in either Citrus or Marion County, Florida.

3.      Defendant Corporation is a Florida profit corporation with its principal place of business at 1701 S.W. 60th Avenue, Ocala, Florida 34474.

4.      Defendant Chambers is an individual 18 years of age or older and is thus *sui juris*.

5.      Defendant Springer is an individual 18 years of age or older and is thus *sui juris*.

6.      The events or transactions out of which this claim arose occurred in Marion County, Florida.

7.      One or more of Turner's claims are based on federal law.

8.      As such, this Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in the Ocala Division pursuant to 28 U.S.C. § 1391(b)(2) and Middle District of Florida Local Rule 1.04 because the actions in this case occurred in and accrued in Marion County.

## GENERAL ALLEGATIONS

10.     Turner is a white/Caucasian male.

11.     Turner was employed by the Defendant from on or about November 29, 2021 to on or about July 12, 2022.

12.     During his employment, Turner experienced race-based discrimination and/or harassment.

13.     Turner was called horrible, race-based derogatory words by others, including by his supervisor, Quinton Johnson, a black/non-white male ("Johnson").

14.    Johnson referred to Turner as a "cracker" and threatened to run him over with a forklift.

15.    Turner objected to the unlawful treatment received by reporting it to Chambers and Ty Springer ("Springer").

16.    In retaliation, Johnson called Turner a "snitch" and physically attacked Turner.

17.    Thereafter, Turner was written-up/disciplined, suspended without pay, and fired, while it does not appear that Johnson was disciplined for his conduct.

18.    As a direct and proximate result of the Defendants' unlawful conduct, Turner has had to retain the services of the undersigned counsel to whom he is obligated to remit fees and costs in connection with his claims herein.

## COUNT I (RACE DISCRIMINATION UNDER 42 U.S.C. § 1981 AS TO THE CORPORATION)

19.    Turner reaffirms and realleges paragraphs 1-18, above.

20.    Turner is in a protected class by virtue of his race: white/Caucasian.

21.    Turner was employed by the Corporation.

22.    Turner was qualified to perform his work with the Corporation.

23.    Turner was treated less favorably than a similarly-situated individual outside of his protected class.

24.    Specifically, while Turner received a disciplinary write-up for allegedly being involved in the altercation with Johnson, Johnson, who was similarly situated,

but was not a white/Caucasian individual, does not appear to have been disciplined, suspended without pay, and/or terminated.

25.    Turner experienced adverse actions in the form of one or more disciplinary write-ups, suspension without pay, and employment termination.

26.    As a direct and proximate result of the Corporation's unlawful conduct, Turner has experienced monetary damages and mental anguish, and those harms continue to this day, and are likely to continue to the indefinite future.

27.    The Corporation acted recklessly and with malicious disregard for Turner's federally protected rights, as it not only permitted Johnson to make racially charged remarks, but it then allowed Johnson to threaten and attack Turner, and then punished Turner for Johnson's abusive conduct.

WHEREFORE, Turner demands that the Court enter judgment against the Corporation for the following:

      a.  Compensatory damages, including, but not limited to compensation for physical injury and past, present, and future mental anguish;

      b.  Back pay, including back wages and benefits through the date of trial;

      c.  Turner's reasonable attorneys' fees and costs;

      d.  Punitive damages;

      e.  Front pay;

      f.  Nominal damages;

      g.  Interest;

      h.  Punitive damages; and,

i.   Any other relief the Court deems just and proper.

## COUNT II (RETALIATION UNDER 42 U.S.C. § 1981 AGAINST THE CORPORATION)

28.   Turner reaffirms and realleges paragraphs 1-18, above.

29.   Turner engaged in protected conduct when he reported the race-based harassment he was experiencing.

30.   Shortly thereafter, Turner experienced adverse actions in the form of disciplinary write-ups and employment termination.

31.   These actions were sufficiently adverse to dissuade a reasonable employee from raising a concern about a possible violation or engaging in other related protected activity.

32.   Turner's protected conduct and the adverse actions were not wholly unrelated.

33.   For example, the disciplinary write-ups, suspension without pay, and termination occurred within about a week of Turner's report of the unlawful discriminatory and harassing conduct he was experiencing.

34.   As a direct and proximate result of the Corporation's unlawful conduct, Turner has experienced monetary damages and mental anguish, and those harms continue to this day, and are likely to continue to the indefinite future.

35.   The Corporation acted recklessly and with malicious disregard for Turner's federally protected rights, as it not only permitted Johnson to make racially

charged remarks, but it then allowed Johnson to threaten and attack Turner, and then punished Turner for Johnson's abusive conduct.

WHEREFORE, Turner demands that the Court enter judgment against the Corporation for the following:

    a. Compensatory damages, including, but not limited to compensation for physical injury and past, present, and future mental anguish;

    b. Back pay, including back wages and benefits through the date of trial;

    c. Turner's reasonable attorneys' fees and costs;

    d. Front pay;

    e. Nominal damages;

    f. Interest;

    g. Punitive damages; and,

    h. Any other relief the Court deems just and proper.

## COUNT III (RETALIATION UNDER 42 U.S.C. § 1981 AGAINST CHAMBERS)

36. Turner reaffirms and realleges paragraphs 1-18 and 29-33, above.

37. Chambers was, at all relevant times, the general manager at the Corporation.

38. Turner reported the race-based discrimination and/or harassment to Chambers.

39. Chambers was personally involved in the decision to discipline, to suspend without pay, and/or to terminate Turner.

40.     Accordingly, Chambers is personally liable for the unlawful retaliation Turner experienced.

41.     As a direct and proximate result of Chambers' unlawful conduct, Turner has experienced monetary damages and mental anguish, and those harms continue to this day, and are likely to continue to the indefinite future.

42.     Chambers acted recklessly and with malicious disregard for Turner's federally protected rights, as he not only permitted Johnson to make racially charged remarks, but he then allowed Johnson to threaten and attack Turner, and then punished Turner for Johnson's abusive conduct.

WHEREFORE, Turner demands that the Court enter judgment against Chambers for the following:

    a.  Compensatory damages, including, but not limited to compensation for physical injury and past, present, and future mental anguish;

    b.  Back pay, including back wages and benefits through the date of trial;

    c.  Turner's reasonable attorneys' fees and costs;

    d.  Front pay;

    e.  Nominal damages;

    f.  Interest;

    g.  Punitive damages; and,

    h.  Any other relief the Court deems just and proper.

## COUNT IV (RETALIATION UNDER 42 U.S.C. § 1981 AGAINST SPRINGER)

43.     Turner reaffirms and realleges paragraphs 1-18 and 29-33, above.

44.     Springer was, at all relevant times, the general manager of the feed division at the Corporation.

45.     Turner reported the race-based discrimination and/or harassment to Springer.

46.     Springer was personally involved in the decision to discipline, to suspend without pay, and/or to terminate Turner.

47.     Accordingly, Springer is personally liable for the unlawful retaliation Turner experienced.

48.     As a direct and proximate result of Springer's unlawful conduct, Turner has experienced monetary damages and mental anguish, and those harms continue to this day, and are likely to continue to the indefinite future.

49.     Springer acted recklessly and with malicious disregard for Turner's federally protected rights, as he not only permitted Johnson to make racially charged remarks, but he then allowed Johnson to threaten and attack Turner, and then punished Turner for Johnson's abusive conduct.

WHEREFORE, Turner demands that the Court enter judgment against Springer for the following:

a. Compensatory damages, including, but not limited to compensation for physical injury and past, present, and future mental anguish;

b. Back pay, including back wages and benefits through the date of trial;

c. Turner's reasonable attorneys' fees and costs;

d. Front pay;

     e.   Nominal damages;

     f.   Interest;

     g.   Punitive damages; and,

     h.   Any other relief the Court deems just and proper.

## COUNT V (RETALIATION UNDER THE FLORIDA WHISTLE-BLOWER'S ACT)

50. Turner reaffirms and realleges paragraphs 1-18, above.

51. The Corporation did at all relevant times employ ten or more individuals.

52. Therefore, the Defendant was an "employer" within the meaning of the Florida Private Whistle-blower's Act ("the Act"). Fla. Stat. § 448.101, *et seq*.

53. At all relevant times, Turner was an "employee" of the Corporation within the meaning of the Act.

54. Turner engaged in protected conduct when he reported the race-based harassment and/or discrimination he was experiencing.

55. The unlawful conduct Turner reported either actually was a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, or was sufficient to cause him to reasonably believe that the Corporation had violated one or more of these laws.

56. Thereafter, Turner experienced adverse actions in the form of disciplinary write-ups and employment termination.

57.    These actions were sufficiently adverse to dissuade a reasonable employee from raising a concern about a possible violation or engaging in other related protected activity.

58.    Turner's protected conduct and the adverse actions were not wholly unrelated.

59.    For example, the disciplinary write-ups, suspension without pay, and termination occurred within about a week of Turner's report of the unlawful discriminatory and harassing conduct he was experiencing.

60.    Thus, the Corporation violated the Act.

WHEREFORE, Turner demands that the Court enter judgment against the Corporation for the following:

      a.  Compensatory damages, including, but not limited to compensation for physical injury and past, present, and future mental anguish;

      b.  Back pay, including back wages and benefits through the date of trial;

      c.  Turner's reasonable attorneys' fees and costs;

      d.  Front pay;

      e.  Nominal damages;

      f.  Interest; and,

      g.  Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

THORPELAW, P.A.
Page **10** of **11**

Respectfully submitted this 14th day of August, 2024.

/s/ Shaina Thorpe
**SHAINA THORPE**
Fla. Bar No. 55464

**THORPELAW, P.A.**
100 South Ashley Drive Suite 600
Tampa, Florida 33602
Tel: (813) 400-0229
Fax: (813) 944-5223
Primary: shaina@thorpelaw.net
Secondary: admin@thorpelaw.net

*Lead Counsel for Plaintiff Cameron Turner*