**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CAMERON TURNER,**

   **Plaintiff,**

**v.**                                               **Case No: 5:24-cv-421-JSM-PRL**

**OCALA BREEDERS' SALES**
**COMPANY, INC., et al.,**

   **Defendants.**

---

## ORDER

Plaintiff brought this action against Defendants alleging claims for discrimination and retaliation pursuant to 42 U.S.C. § 1981 and the Florida Whistleblower's Act. (Doc. 30). Plaintiff alleges that during his employment at Ocala Breeders' Sales Company, Inc., he was subject to race-based discrimination and retaliation.

On September 8, 2025, Defendant, Ocala Breeders' Sales Company, Inc., filed a motion to compel better responses to discovery requests from Plaintiff. (Doc. 42). Specifically, at issue are requests for production numbers: 48, 49, 50, 56, 64, 65, 84, 92, 93, and 95. Plaintiff was granted an extension to file his response by September 26, 2025. (Doc. 46). Plaintiff failed to meet that deadline or seek a further extension. Accordingly, the Court will treat the motion as unopposed.

### I.   Legal Standard

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Pursuant to Rule 26(b), "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

When objecting to a discovery request, the "[p]arties are not permitted to assert . . . conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable."  *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008).  Indeed, an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why."  *Id.* at *1–2.  Finally, "[o]bjections based on privilege or work product protection must be made expressly."  *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015) (noting that "[a] party cannot assert a privilege by saying that responsive documents might be privileged").

II.    **Discussion**

Requests for production numbers 48, 49, 50 relate to Plaintiff's medical and psychological history. These requests seek Plaintiff's medical records, medical bills, and insurance coverage from January 1, 2019, to the present. Plaintiff objects to these requests on the basis that each one is "overly broad not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to records that would reflect elements of damages that [Plaintiff] is claiming." These objections are overruled. Plaintiff has put his medical and

psychological history squarely at issue by seeking to recover "compensation for physical injury and past, present, and future mental anguish." Accordingly, Defendant is entitled to discovery regarding Plaintiff's medical condition (both psychological and physical) before and after the alleged discrimination.

Next, Defendant moves to compel better responses to requests for production numbers 64 and 65, which seek social media posts and messages related to Plaintiff's allegations of discrimination. Plaintiff objects that producing such responsive items would be unduly burdensome. These general objections, with no further explanation by Plaintiff, are unavailing. Indeed, the requests seek information both relevant to Plaintiff's claims and temporally limited to the time-period in which Plaintiff was employed by Defendant – November 29, 2021, to July 12, 2022.[1] Accordingly, Plaintiff's objections that the requests are unduly burdensome are overruled.

Finally, Plaintiff objects to requests for production numbers 48, 56, 64, 65, and 95 to the extent they call for the production of documents that would be "exempt from production under one or more recognized privileges." These general assertions of privilege—without asserting which privilege is applicable or providing a privilege log—are insufficient under Fed.R.Civ.P. 26(b)(5), which requires a party who objects to the production of information based upon privilege to (1) expressly make the claim; and (2) describe the nature of the information so that the opposing party may assess the claim. To the extent Plaintiff contends

---

[1] Although request numbers 64 and 65 do not explicitly state a time-period, Defendant clarifies in the instant motion that the requests are "limited to the time frame in which Plaintiff was employed by Defendant, less than one (1) year, from November 29, 2021 to July 12, 2022." (Doc. 42 at 9-10).

- 4 -

that a privilege applies to any information responsive to requests for production numbers 48, 56, 64, 65, and 95, he shall identify the specific privilege asserted and provide a privilege log.

Accordingly, Defendant's motion to compel (Doc. 42)—which the Court treats as unopposed given Plaintiff's failure to respond—is GRANTED. On or before **October 10, 2025**, Plaintiff shall provide full responses to requests for production numbers 48, 49, 50, 56, 64, 65, 84, 92, 93, and 95.

DONE and ORDERED in Ocala, Florida on October 3, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record